[Civ. No. 21849.  First Dist., Div. Three.  April 1, 1964.]

NATHANIEL LEWIS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; THE PEOPLE, Real Party in Interest.

Ephraim Margolin for Petitioner.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and John F. Kraetzer, Deputy Attorneys General, for Respondent and Real Party in Interest.

DRAPER, P. J.—Upon denial of his motion to set aside information charging him with possession of marijuana (Health & Saf. Code, § 11530), petitioner sought prohibition (Pen. Code, § 999a). We issued alternative writ. Validity of search and seizure is the sole issue.

Officer Forni testified at the preliminary examination that his partner, Lawrence, had received information that a "shooting gallery" (the smoking of marijuana) was to take place at an address on Pine Street. Lawrence did not testify, the name of the alleged informer was not given, and there was no evidence to establish his reliability. The two officers drove to the address and parked nearby at about 1:20 o'clock a.m. The building appeared to consist of an upper and lower flat. No lights shone within it. Four men, one of whom (not petitioner) Forni knew to have served a county jail term at some unspecified time for possession of marijuana, entered the building. The officers called for two more policemen, and the four approached the steps leading to the building entrance. Two of the men who had recently entered came through the front door. An officer called to them, identifying himself as a policeman. One of the men called out "cops". Both re-entered and slammed the door against the police, who promptly broke it in, pursued the two men upstairs, and arrested all four men in the apartment. Search of petitioner, who was not one of the two who had left the building, disclosed a marijuana cigarette in his pocket.

There is no evidence to show reliability of the "informant", and his information thus does not constitute probable cause to arrest or search (*People* v. *Amos,* 181 Cal. App.2d 506 [5 Cal.Rptr. 451]). The mere fact that the alleged information was relayed to Forni by his fellow officer adds no element of reliability to the original informant (*People* v. *Harvey,* 156 Cal.App.2d 516, 523 [319 P.2d 689] [concurring opinion]).

Respondent concedes that this "information" alone, and in the absence of any pressing emergency, does not justify the arrest and search (*Willson* v. *Superior Court,* 46 Cal. 2d 291, 294 [294 P.2d 36]), but argues that observations by the officers justified reliance on the unnamed informer's story (*id.,* at p. 295). The informer had said only that marijuana was to be smoked at a named location on a particular night. No detail of hour, number, names or descriptions of participants was given. Thus the only possible corroboration of the information could be police observations which, with-

out regard to the informer's story, indicated a violation of the narcotics laws.

No such corroboration was provided by petitioner's mere entry of the flat with three others. For all that appears, some or all of the entrants were but returning home. Admittedly, there was nothing furtive, suspicious or surreptitious in their appearance, manner, or conduct. The hour was late, but that does not of itself indicate criminality. That one of the men had served a jail sentence for possession of marijuana did not warrant the arrest of petitioner merely for being in his company (*People* v. *Privett*, 55 Cal.2d 698, 700-702 [12 Cal. Rptr. 874, 361 P.2d 602] ; *People* v. *Kitchens*, 46 Cal.2d 260, 263 [294 P.2d 17] ; *People* v. *Simon*, 45 Cal.2d 645, 649 [290 P.2d 531]). Nor is there reasonable indication of possession of narcotics in the fact that two of the men, neither of whom was petitioner, shortly thereafter came out through the front door. The reentry and slamming of the door when the police called to them of itself gave no cause to break in the door, arrest, or search (*Tompkins* v. *Superior Court*, 59 Cal.2d 65 68 [27 Cal.Rptr. 889, 378 P.2d 113]). Under these circumstances, the mere calling of "cops" when the police identified themselves is not sufficient to warrant the forcible entry. Officer Forni testified that there had been no previous report, suspicion or surveillance of this house or those who resided there. If everyone who says "cops" when a police badge is flashed at him is subject to arrest and search, the Fourth Amendment will have shrunken.

Respondent argues that the door which was forced led but to a "common area or stairway shared by two units." The record shows only that the upper flat "had been subdivided," a fact which was not discovered until the officers entered. There is no showing of separate occupancy of two apartments, no evidence of the location of the entrance to a second apartment, and only remote inference that the same door and stairway gave ingress to two apartments. This afterthought cannot justify the breaking in of the door to a private residence.

Let peremptory writ issue as prayed.

Salsman, J., and Devine, J., concurred.