UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Dewey HILBRICH, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Nicholas Jacop USELDING, Defendant-Appellant.

Nos. 14268, 14282.

United States Court of Appeals Seventh Circuit.

Feb. 4, 1965.

Robert A. Helman, George L. Saunders, Jr., Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., Frank E. McDonald, U. S. Atty., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Defendants appeal from their conviction, under 18 U.S.C. § 2113, of robbery,

on November 17, 1962, of the Oak Lawn Federal Savings and Loan Association. We affirm.

After the original oral argument in this case, at the suggestion of government counsel, we ordered [1] a remandment for further inquiry by the district court into the questions, raised by both defendants, of prejudicial error in rulings under the Jencks Act, 18 U.S.C. § 3500. The district court in response to the order called as witnesses and examined separately the two trial attorneys for defendants [2] and the two United States trial attorneys, and has certified to us its Memorandum, Findings of Fact and Conclusions of Law. The court found, from its *"in camera"* examination of the attorneys, the trial transcript, and the court's trial notes, that no notes of government counsel were in existence and none taken by government agents which had not been turned over to defendants at the trial, and that FBI notes of interviews from which the interview reports turned over to defendants were made, had been destroyed in accordance with FBI practice and in good faith, with no prejudice to defendants. The court concluded that the facts required to be determined by our order "have already been determined and are to be found in the transcript of the trial."

■■ The district court erred at the trial by stating in response to defendants' broad motion to produce that "handwritings or notes" of government counsel were part of their "work product" and need not be delivered. There is no "work product" exception to the Jencks Act. If a statement taken or recorded by government counsel falls within the definition of the Act, it must be produced. Saunders v. United States, 114 U.S.App.D.C. 345, 316 F.2d 346; 116 U.S.App.D.C. 326, 323 F.2d 628 (1963), cert. denied 377 U.S. 935, 84 S.Ct. 1339, 12 L.Ed.2d 299 (1964). Any prejudicial consequence of this error, however, as the relevant portions of the trial transcript show, was obviated because it affirmatively appears that there were no Jencks Act statements in existence which were not turned over to defendants' counsel.

Witnesses for whom no statements were produced testified that they saw no notes being made of their interviews with government agents or attorneys and the government trial counsel denied having any statements which were not produced. FBI agents at the trial testified to their destruction of interview notes and the incorporation of them into reports which were turned over to defendants. The district court found no bad faith in this procedure and no prejudice to defendants. The trial was conducted in accordance with the Jencks Act decisions in Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963), and Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), so the erroneous ruling was harmless. United States v. Rosenberg, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959).

Because our decision is based upon the transcript at the trial, we need not on this appeal pass on the contentions made in defendants' supplemental briefs and reargument that they were prejudiced by

1. "Government counsel suggests that the cause be remanded to the trial court for the purpose of conducting an inquiry directed to the existence of producible statements.

"After hearing counsel for the Government and defendants with respect to this phase of the appeal, it is hereby

"ORDERED that the district judge who presided over the trial conduct an inquiry pursuant to 18 U.S.C. § 3500 directed to the existence of any notes of Government counsel relating to interviews with Government witnesses and of any statements of such witnesses taken by Government agents, and if they are determined to have existed, to conduct further inquiry as to whether they constitute statements under § 3500, and if they are statements, whether it was prejudicial to the defendants not to have received them; also to inquire into the destruction of any such statements if such destruction occurred; to make findings of fact on all those issues, and to have certified to this court the record of such inquiry and findings."

2. These attorneys do not represent defendants on this appeal.

lack of notice to and representation by their present counsel at the "further inquiry."

 After pleading not guilty, Uselding moved for severance of his trial from that of Hilbrich and waived trial by jury under F.R.Cr.P. 23(a).[3] The government opposed and the district court disapproved the waiver. Uselding contends that the court's disapproval was prejudicial error on the ground that the government may withhold its consent and the court its approval of such a waiver only where the best interest of the defendant would thereby be served, and that the court made no determination on that question in this case.

Since these appeals were filed, we have decided the case of United States v. Igoe, 331 F.2d 766 (7th Cir. 1964), in which we ordered the district court to reinstate a case that had been dismissed when the government declined to proceed to trial after the district court had approved the defendant's waiver and ordered a nonjury trial despite the government's refusal to consent. In interpreting Rule 23(a) literally in that case, we relied on Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), cited here by Uselding. We adhere to our prior holding in United States v. Igoe and find no merit in Uselding's contention.

 Hilbrich contends that testimony concerning his alleged confession to FBI Agent Wagoner was inadmissible because the confession was obtained illegally. He does not contend that the confession was coerced, but that he was not taken "without unnecessary delay before the nearest available commissioner * * *." F.R.Cr.P. 5(a). The evidence shows that the robbery occurred on November 17, 1962, a Saturday, at about 9:00 a. m. and that Hilbrich was arrested between 9:30 and 10:00 a. m. by the Oak Lawn police, who kept him in custody until he was placed under federal arrest around 5:30 or 6:00 p. m. the same day. Hilbrich was questioned during the morning by agents of the FBI, but he asked to talk to Agent Wagoner and stated that he would talk to no one else. Agent Wagoner was called and he arrived around two o'clock in the afternoon.[4] He advised Hilbrich that he could remain silent and was entitled to have a lawyer. Hilbrich confessed shortly thereafter.

The district court denied Hilbrich's motion to strike the testimony of Agent Wagoner concerning the confession on the ground that the delay in taking Hilbrich before the Commissioner was occasioned by his request to talk to Wagoner and not by any illegal detention. For the purpose of ruling on the motion the district court seemingly assumed that Hilbrich was under federal arrest. We affirm the district court's denial of the motion, but prefer to base our ruling on the fact that the record shows that Hilbrich had been arrested by Oak Lawn and not by federal officers. There was thus no room for operation of F.R.Cr.P. 5(a) and the rule of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479 (1957). Here the arrest was made by the Oak Lawn police. Hilbrich was not placed under federal arrest until the evening, after his confession.

He contends, however, that the custody of the Oak Lawn police was only nominal and that "almost immediately * * the investigation and prosecution of this case was turned over to the F.B.I." He was not arrested at the request or direction of the FBI and the fact that he was being questioned by federal officers does not necessarily mean that he was in federal custody. Cf. Burke v. United States, 328 F.2d 399 (1st Cir. 1964).

3. F.R.Cr.P. 23(a) "Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

4. The nearest United States Commissioner did not sit on Saturday after noon or on Sunday, according to the testimony.

The facts of this case do not bring it within the holding in Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 (1943), or the dictum in United States v. Harris, 211 F.2d 656 (7th Cir.), cert. denied 348 U.S. 822, 75 S.Ct. 34, 99 L.Ed. 648 (1954), concerning working arrangements between federal agents and local police and nominal custody by the latter. There was no error in denying the motion to strike.

Wagoner testified that during the interview Hilbrich gave him his car keys, asking him as a "favor" to go to Hilbrich's car, parked a short distance from the Loan Association, and remove from the trunk two boxes of ammunition and get rid of them. Another agent used the keys and seized the ammunition. Hilbrich's motion to suppress this evidence was denied by the district court on the ground that he had consented to the search and seizure.

■ The burden of proving consent by "clear and positive evidence" was on the government. Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649, 651 (1951). No written consent for a search was obtained from Hilbrich. He denies that he turned the keys over to Wagoner with a request that Wagoner get rid of the ammunition, and contends that the testimony of Wagoner and the other agents and officers concerning the incident is incredible, if not perjured. Credibility of witnesses on a motion to exclude or suppress evidence is for the district judge to determine. United States v. Ziemer, 291 F.2d 100 (7th Cir.), cert. denied 368 U.S. 877, 82 S.Ct. 120, 7 L.Ed.2d 78 (1961); United States v. Vita, 294 F.2d 524 (2d Cir. 1961), cert. denied 369 U.S. 823, 82 S.Ct. 837, 7 L. Ed.2d 788 (1962); Channel v. United States, 285 F.2d 217 (9th Cir. 1960). The district judge believed the agents and not Hilbrich. We cannot say that he was wrong in doing so, or that the government failed to sustain its burden.

In further contending that the ruling was reversible error, Hilbrich's ingenious theory is that even assuming that Wagoner's account of the incident is true, there was no consent because it was to avoid a government search and seizure that he sought to "corrupt" the agent into preventing the government from getting the evidence, citing Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649 (1951), and United States v. Arrington, 215 F.2d 630 (7th Cir. 1954). Neither case supports Hilbrich's contention on the facts here, since in both of those cases the facts showed that the alleged waiver may have been the product of coercion. No claim of coercion is made here and there was no error in denying the motion to suppress.

■ Hilbrich finally claims reversible error in the court's instruction to the jury that the issue of force in the alleged crime was "stipulated to," which was not the case. There was no objection to the instruction at the trial, but we are urged to consider this a matter of "plain error" under F.R.Cr.P. 52(b).[5]

In closing argument Hilbrich's attorney stated that the jury should "take out of your mind and not be swayed by the fact" that whoever committed the robbery had guns. He told the jury that "as a part of the indictment it says, 'Force and intimidation.' Well that is certain, the word 'guns' here" and that "the only thing you have to consider is whether or not Robert Dewey Hilbrich is guilty of doing it." The district court was in error in stating there was a stipulation, but in view of the argument of Hilbrich's attorney and the fact that the issue of force was not disputed in the evidence, the error was harmless.[6]

Affirmed.

5. F.R.Cr.P. 52(b) "Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

6. F.R.Cr.P. 52(a) "Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."