Per Curiam.

Judgment of conviction reversed on the law and on the facts and information dismissed. The court below erred in denying defendant’s motion to suppress evidence seized without a warrant, without his consent and prior to his arrest which, indeed, was based upon possession of the articles obtained by the search. Defendant’s response to a direction to empty his pockets during questioning by three special patrolmen who had apprehended him in a part of Bellevue Hospital to which the public has access and had then taken him to their one-door, one-room headquarters, cannot be deemed a search by consent under these circumstances. Neither can it be classified as incidental to a lawful arrest, as the arrest followed and was predicated solely upon the items thus revealed. The dissent intermingles testimony given at the trial with that elicited at the hearing upon the motion to suppress. This court is bound by the latter testimony, which contains nothing about an 1 ‘ exposed bag which contained a syringe ” or a “ syringe sticking out of his jacket pocket. ’ ’