424 P.2d 782

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Carl O. DELTENRE, Defendant-Appellant.**

No. 7852.

Supreme Court of New Mexico.

Sept. 6, 1966.

Certiorari Denied March 20, 1967.

See 87 S.Ct. 1171.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

The appellant was convicted of the crime of possessing marijuana in violation of § 54–5–14, N.M.S.A.1953, and from a judgment imposing sentence therefor, he appeals. His primary claim of error is that his constitutional rights were violated by the introduction of evidence obtained through an unlawful search and seizure in contravention of the New Mexico Con-

stitution, Art. II, § 10, and the United States Constitution, amendment IV, made applicable to the states through the due process clause of the United States Constitution, amendment XIV.

■ Prior to trial by jury, appellant moved to suppress the evidence claiming that his arrest without a warrant was unlawful as not supported by probable cause and that the search and seizure of evidence was therefore unlawful. Thus, the appeal is controlled by fundamental constitutional and legal guidelines. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; State v. Lucero, 70 N.M. 268, 372 P.2d 837.

■ A search without a warrant is lawful when the search is incident to a lawful arrest and the legality of an arrest without a warrant depends upon whether the arrest was based upon probable cause. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. In viewing the facts to determine the propriety of denying a motion to suppress, controverted questions of fact will not be resolved, but the facts found by the trial court will be weighed against the standards of reasonableness. Ker v. State of California, supra. That the trial court's decision as to the reasonableness of an arrest will not be disturbed if facts found to make the arrest constitutionally reasonable are supported by substantial evidence. United States v. Hilbrich, 341 F.2d 555 (7th Cir.1965);

People v. Guyette, 231 Cal.App.2d 460, 41 Cal.Rptr. 875; and State v. Tuttle, 16 Utah 2d 288, 399 P.2d 580. The facts to be examined on appeal are those facts elicited before the trial court on the hearing on the motion to suppress. People v. Matera, 45 Misc.2d 864, 258 N.Y.S.2d 2.

On April 15, 1963, Lieutenant Chavez of the New Mexico State Police obtained a search warrant issued by a justice of the peace in Espanola, New Mexico, authorizing officer Chavez to enter the premises occupied by the appellant and to search for and seize "one .25 Automatic Pistol, Radiators and any other stolen goods." This search warrant, for reasons immaterial to this appeal, was found by the trial court and conceded by the state to be void.

After obtaining the void search warrant, officer Chavez, accompanied by three other uniformed state policemen, started for the apartment occupied by appellant. On the way, they encountered Freddie Martinez, 18-year-old stepson of the appellant. Martinez had just come from the appellant's apartment and he told the officers that appellant and two other men were rolling marijuana into cigarettes. He had been asked to count the cigarettes and had counted 276 which he placed inside a plastic bag. Martinez gave officer Chavez "a little bit of marijuana" for the officer to check and told him that the appellant was almost ready to leave the apartment to peddle the cigarettes.

The officer obtained a key from the manager of the apartments and the four officers then approached the appellant's apartment. From the record it appears that the apartment was a separate structure, similar to a small cabin, and that the officers surrounded it. Appellant contends that the evidence of what happened next is confused, but it suffices here to note that there is competent testimony, on which the trial court was entitled to rely, that as officer Chavez and an officer Garcia approached the kitchen door a voice said, "Watch it, the cops are coming."

Officer Chavez immediately gave notice of the presence of law officers and declared his intention to enter. They heard the sounds of the occupants inside running. Officer Chavez then unlocked the kitchen door and he and officer Garcia entered the apartment. The occupants, including the appellant, were told to "stay put and not to move," or as appellant states it, "Don't move, you are all under arrest." There is some disagreement in the testimony as to the exact location of the seized marijuana, and whether it was in plain view of the officers, but even the appellant's testimony makes it clear that the marijuana was found and seized either immediately after or contemporaneously with the arrest.

After the arrest and seizure of the narcotics, appellant was shown the void search warrant. Appellant argues that this fact, together with a statement from officer Chavez, at one point in the record, that the search and arrest were made pursuant to the void search warrant renders the arrest unlawful. We do not find the officer's statement to be determinative of whether the arrest was lawful. This argument was made in Donahue v. United States, 56 F.2d 94 (9th Cir.1932), and was disposed of in the following language:

"The fact that the officers intended when they entered the premises to make a search of the premises for a still would not make the arrest illegal, if when they entered they were justified in so doing for the purpose of making the arrest which they did in fact make. Nor do we think that the failure of the officers, in their testimony, to assign as the purpose of their entry the making of the arrest, makes the arrest illegal. * * *"

See also Williams v. United States, 273 F.2d 781 (9th Cir.1960). True, officer Chavez did say that the appellant's premises were searched pursuant to the void search warrant, but when the matter was inquired into for more detail, officer Chavez said:

"* * * after I approached the apartment and heard somebody yell from inside, 'Watch it, the cops are coming,' and at the same time I heard the steps of one or more people running inside the apartment, making a lot of noise. That convinced me. *That prompted me to believe there was something going on*

*with marijuana,* information like I had before, inside the apartment. \* \* \*" (Emphasis added)

We think it is apparent from the officer's testimony that the search was made, not pursuant to the void search warrant to find stolen goods, but as an incident to the arrest for possession of marijuana. Compare Papani v. United States, 84 F.2d 160 (9th Cir.1936). What appears to be the generally accepted definition of probable cause was stated in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879:

> "\* \* \* Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543."

Appellant specifically objects to the use of Martinez' hearsay information as a basis for finding probable cause because it had not come from an informant whose reliability had been proven trustworthy. While officer Chavez testified that he had received information in the past from Martinez that appellant was dealing in narcotics, at the time the information here was given to officer Chavez there had been no opportunity to verify the past

information. Consequently, the informant stands as not having been shown to be either reliable or unreliable.

■ The distinction made in allowing the use of hearsay to establish probable cause and in prohibiting its use to establish guilt upon trial is discussed in Brinegar v. United States, supra, and as stated in Ker v. State of California, supra, "That this information was hearsay does not destroy its role in establishing probable cause." See also Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

But the question of the reliability of the informant presents a more serious problem. Rodgers v. United States, 267 F.2d 79 (9th Cir.1959), lucidly sets forth what appears to be the accepted rules concerning the use of, as a basis for finding probable cause, information received from an informer whose reliability is unknown. The court stated:

> "\* \* \* where the officer makes an arrest without any knowledge of the commission of a crime except from an informer whom he does not know to be reliable, the courts have consistently held there is no reasonable grounds for the arrest."

But the court went on to say:

> "In determining whether reasonable grounds exist the rules cannot be hard and fast, but must, as we have said, depend upon all the circumstances. For this

reason we cannot accept appellant's argument that an arresting officer must always know in advance that his information is reliable. *Whether the reliability is established before the officer is given the information or thereafter, the effect is the same so long as at the time of the arrest the officer has reasonable grounds to believe his informant. * * *"* (Emphasis added)

Although Rodgers v. United States, supra, was decided before the Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, decision, the rules above stated do not appear to be weakened. As Justice Clark points out in dissent, Wong Sun v. United States, supra, citing Rodgers v. United States, supra, the majority in Wong Sun merely disagreed that there was sufficient corroboration of the information there to establish reasonable grounds to believe the informant. The Wong Sun case is relied on heavily by the appellant in arguing that the sounds of running cannot be used as corroboration of the information received. In some isolated particulars the arrest of Toy in Wong Sun is factually similar to the case here; however, Toy's flight did not signify a guilty knowledge because the agent had misrepresented his mission and had never dispelled this misimpression before Toy fled. In the case before us, "Watch it, the cops are coming," shows that the persons in the apartment knew that the uniformed officers were policemen. Appellant was never under any misimpression as to the officers' identity and what occurred upon learning of the presence of police officers was evidence of a guilty knowledge. The officers were entitled to consider the occupant's actions as corroboration of Martinez' detailed information in concluding that probable cause existed for the arrest of appellant and the other occupants. Compare People v. Maddox, 46 Cal.2d 301, 294 P.2d 6.

We are aware that in Lewis v. Superior Court, 226 Cal.App.2d 102, 37 Cal.Rptr. 773, the shouting of "Cops," and the slamming of the door upon sight of officers was held not to be corroboration of an informer's tip. But there are significant factual differences. There, the informer was never identified. He may have been an anonymous caller. In the case before us, the 18-year-old informant, who had given information before, was personally acquainted with officer Chavez. He gave the officer a chance to observe, and to inquire into and judge the credibility of the detailed information given by him. It is clear from Wong Sun, supra, that an arrest will not be validated by what it turns up. Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142, recognizes that an informer's information in itself may constitute probable cause, but it was held that the prosecution must show with some specificity "what the informer actually

said, and why the officer thought the information was credible."

In State v. Mpetas, 79 N.J.Super. 202, 191 A.2d 186, the defendant had a streetside conversation with the informant, Budman, and revealed his possession of marijuana to him. Budman went to the police after the conversation and related the occurrence. There are no facts which corroborate Budman's information, but as a result of it the defendant was arrested and searched. The court concluded that the evidence on which defendant's conviction was based was not the product of an unreasonable search and seizure. The court said:

> "In the instant case the police had probable cause for belief that defendant had committed a crime, the gravity and seriousness of which is unquestioned. They had received information from Budman as to his conversation with defendant concerning defendant's possession of marihuana. Budman had furnished a description of the men and the license number of the car. This was not an anonymous tip nor did it come from an 'informer.' It was volunteered by an 18-year-old college student who identified himself to the police."

See also People v. Bishop, 235 Cal.App.2d 658, 45 Cal.Rptr. 533, to the same effect where probable cause was also found based solely on the information of a minor.

We conclude that officer Chavez did have adequate opportunity to form a reasoned conclusion concerning the informer's credibility, and that the opportunity to judge credibility is a part of the total set of facts and circumstances which makes a finding of probable cause reasonable in this case.

Appellant contends that even if the officers had probable cause for his arrest, they should have returned to the justice of the peace and obtained an arrest warrant. In Ker v. State of California, supra, the United States Supreme Court answered a similar argument:

> "Petitioners contend that the search was unreasonable in that the officers could practicably have obtained a search warrant. The practicability of obtaining a warrant is not the controlling factor when a search is sought to be justified as incident to arrest * * * The officers had reason to act quickly because of Ker's furtive conduct and the likelihood that the marijuana would be distributed or hidden before a warrant could be obtained at that time of night. * * *"

In the case before us, we do not find the failure to obtain an arrest warrant to be a controlling factor. Having found the arrest to be valid under the federal standards, the arrest without a warrant must still be tested by New Mexico standards.

Ker v. State of California, supra. We find nothing in the New Mexico cases which vitiates the validity of the arrest in this case. Cherry v. Williams, 63 N.M. 244, 316 P.2d 880; Cave v. Cooley, 48 N.M. 478, 152 P.2d 886; Manning v. Atchison, T. & S. F. Ry., 42 N.M. 381, 79 P.2d 922; and Territory v. McGinnis, 10 N.M. 269, 61 P. 208.

Appellant next complains that he was denied a fair trial before an impartial tribunal. He claims that the trial court "took over" the examination of the witnesses for the state. It was during examination by the trial court that officer Chavez first stated that he heard the shout, an important element of corroboration of Martinez' information. While appellant contends that the trial court elicited answers damaging to the appellant's case through leading questions, it is clear that the testimony in which officer Chavez related that he heard the voice was not in answer to a leading question. The trial court asked officer Chavez to describe what happened step by step. His answer took up over two pages of the transcript, the court not once interrupting or indicating a desired answer. It is true that after the long narrative answer, the trial court asked several questions in a form often termed leading. It is apparent, however, that these questions were merely attempts to have the witness briefly affirm the trial court's understanding of facts already revealed in the narrative answer. Significantly, appellant did not find it necessary to object at that time.

Only on one occasion did appellant object to the trial court's questioning and the answers were ordered stricken. We fail to detect any bias, or an attempt by the trial court to assume the role of prosecutor. The questions asked were calculated only to elicit truthful information material to the issue of probable cause. Nevertheless, we reaffirm our previous holding that extensive examination by the trial court is not to be commended. Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312.

The further contention is made by the appellant that he was denied a fair trial because he was denied a preliminary hearing. We find no merit to this contention. Appellant with the advice of counsel in the district court prior to trial expressly waived a preliminary hearing. Consequently, he is in no position to complain that his federal or state constitutional rights have been violated. State v. Vaughn, 74 N.M. 365, 393 P.2d 711.

Appellant finally contends that the question of probable cause should have been submitted to the jury. The contention must be rejected. The question was one of law to be determined by the trial court by way of voir dire examination. State v. Middleton, 26 N.M. 353, 192 P. 483. Compare State v. Hatley, 72 N.M. 280, 383 P.2d 247;

and State v. Walker, 50 N.M. 132, 172 P.2d 588. To the extent Territory v. McGinnis, supra, is inconsistent with this holding, it is overruled. The United States Supreme Court has indicated its approval of the trial court determination of probable cause. Beck v. Ohio, supra, and Ker v. State of California, supra.

The judgment should be affirmed, and it is so ordered.

MOISE, J., and WOOD, J., Court of Appeals, concur.