515 P.2d 964

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Cornwallis RIGGSBEE, Defendant-Appellant.**

**No. 9622.**

Supreme Court of New Mexico.

Nov. 9, 1973.

Charles S. Solomon, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

MONTOYA, Justice.

Defendant-appellant Cornwallis Riggsbee (appellant) appeals from his conviction of the crimes of first degree murder and aggravated battery. We affirm both convictions.

The record reveals that, for several years, appellant visited the residence of Andrew Barnes. Frequently, from June to November 1971, appellant was accompanied by his girl friend Jane Murphy. On November 25, 1971, the deceased Mattie Lee Barnes was visiting her father's home. On that day, appellant visited the Barnes' residence three times. The first time was around 11:45 a. m., during appellant's lunch hour, the second visit was around 7:45 p. m., and the final visit was somewhere near 9:00 p. m. During the second visit some words, best characterized as harsh, were spoken to appellant by the deceased. Upon returning for the third visit a short time later, it appears that appellant entered the kitchen where the deceased and other persons, including a Charley Bennett, were seated and that appellant struck the deceased, knocking her to the floor. Appellant and Mr. Bennett began struggling and appellant shot Mr. Bennett, then he shot the deceased. Appellant and his girl friend immediately left the Barnes' residence. About three hours later, Officer Joseph Tapia of the Santa Fe Police Department arrested appellant in front of his Santa Fe residence. The arrest and frisk search of appellant were both without warrants.

The appellant relies on the following six points for reversal of his conviction:

"I.    The trial court was in error in not suppressing evidence taken from the defendant without benefit of a search warrant.

"II.   The trial court erred and committed reversible error in allowing the jury to consider the charge of first degree murder because the evidence presented was insuffi-

cient to show premeditation or deliberation.

"III.  It was error for the court to permit the district attorney to question the defendant on matters not covered on direct examination and which were not material or relevant to the issues in this case.

"IV.   It was error for the court not to declare a mistrial when one of the jurors reported in the morning to the court intoxicated and the court then excused the jury until 1:30 p. m. in the afternoon without conferring with counsel for the defense and then held an informal interrogation in the court's chambers without presence of counsel for the state or the defense.

"V.    It was error for the trial court to refuse to instruct the jury on involuntary manslaughter.

"VI.   It was error for the court not to declare a mistrial after the inflammatory remarks made by the district attorney."

Under point I appellant contends that the trial court erred by refusing to hold an evidentiary hearing on the motion to suppress prior to trial. Further, that the court erred in admitting the evidence taken without a search warrant.

This issue has been resolved by this court in State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967), where we said (77 N.M. at 499, 424 P.2d at 783):

"A search without a warrant is lawful when the search is incident to a lawful arrest and the legality of an arrest without a warrant depends upon whether the arrest was based upon probable cause. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. In viewing the facts to determine the propriety of denying a motion to suppress, controverted questions of fact will not be resolved, but the facts found by the trial court will be weighed against the stand-

ards of reasonableness. Ker v. State of California, supra. That the trial court's decision as to the reasonableness of an arrest will not be disturbed if facts found to make the arrest constitutionally reasonable are supported by substantial evidence. United States v. Hilbrich, 341 F.2d 555 (7th Cir. 1965); People v. Guyette, 231 Cal.App.2d 460, 41 Cal.Rptr. 875; and State v. Tuttle, 16 Utah 2d 288, 399 P.2d 580. The facts to be examined on appeal are those facts elicited before the trial court on the hearing on the motion to suppress. People v. Matera, 45 Misc.2d 864, 258 N.Y.S.2d 2."

■ While the hearing on the motion to suppress in the instant case was denied, the evidence which was the subject of the motion to suppress was also sought to be excluded during the trial on the grounds that it was the result of an illegal arrest and an illegal search. Consequently, during the voir dire of Officer Tapia, out of the presence of the jury, the motion to suppress was renewed, heard and again denied. Officer Tapia testified during that voir dire that he was contacted by car radio by a Sergeant Norbert and, after getting together with him, learned of the shooting, who the suspect was, and that appellant was identified as the suspect by several persons present at the shooting. The officer further stated it was understood that the suspect (appellant) was on foot when he left the house where the shooting occurred, and so the officer drove up and down the streets checking for him. After no success, Officer Tapia again met with Sergeant Norbert, who advised him to stake out the apartment of appellant. It was at appellant's apartment that the arrest and frisk search were made. Again, in State v. Deltenre, supra, we considered this issue and stated (77 N.M. at 501, 424 P.2d at 784):

"* * *. What appears to be the generally accepted definition of probable cause was stated in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879:

"'* * * Probable cause exists where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543.'"

The trial court correctly concluded that Officer Tapia had probable cause to arrest appellant. The net effect was that the matters not considered under the motion to suppress before trial were actually heard and presented by the voir dire of Officer Tapia, when the items of evidence were sought to be introduced. The motion to suppress and the voir dire concerned the same issue. Concluding that the substance of the motion was actually heard leaves us to determine only if the facts before the trial court were sufficient for that court to determine that probable cause existed for the arrest of appellant. We believe there were sufficient facts and, the arrest being legally established, the search incident thereto is also valid according to the standards of Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The evidence was correctly admitted and the trial court did not err.

■ Appellant's second point, that the court erred in submitting the issue of first degree murder to the jury, is also not well taken. The decision of the jury, finding appellant guilty of murder in the first degree, must be sustained unless there is an absence of evidence showing directly or circumstantially, premeditation and deliberation. See State v. Ferrari, 80 N.M. 714, 460 P.2d 244 (1969); State v. Smith, 76 N.M. 477, 416 P.2d 146 (1966); State v. Ybarra, 24 N.M. 413, 174 P. 212 (1918). In brief, the testimony of the various witnesses established the following: That the deceased was visiting in her father's home; that on the day the deceased was shot, appellant visited the deceased's father's home

on three different occasions; that an argument developed between the deceased and appellant during the second visit and, when appellant returned for the third time that day, he entered the home without knocking, went directly to the kitchen, struck the deceased knocking her from her chair, saying "Bitch, what did you say to me?" He then engaged in a struggle with Mr. Bennett and, after shooting Mr. Bennett, appellant shot the deceased.

The questions of premeditation and deliberation were for the jury to determine upon a consideration of all the circumstances. State v. Ybarra, supra. The evidence in this case and the inferences the jury was entitled to draw therefrom were sufficient to sustain the conviction of first degree murder. State v. Smith, supra.

Under point III, appellant contends there was improper questioning on matters not covered by direct examination, or on matters that were not material or relevant, and makes reference to a conversation he had previously with the district attorney in 1970. The particular questions which he contends were improper are the following:

"Q. What did I tell you at that time, Mr. Riggsbee?

"A. Well, you told me not to be carrying a gun, but I don't think this has nothing to do with the case.

"Q. What did you tell me?

"A. I told you I would not be carrying a gun.

"Q. And you walked out and you started carrying a gun again, didn't you?

"A. About a couple of weeks later.

"Q. As a matter of fact you always carry a gun, don't you?

"A. Yes, sir."

The above questions were asked during the district attorney's attempt to impeach the witness's (appellant's) credibility.

This court has long held that the credibility of a witness, even though the witness is the accused, may be impeached by extracting from him on cross-examination admissions of specific acts of misconduct or wrongdoing, if such admissions can be thus secured. State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941). Therefore, the trial court did not commit error.

Appellant's point IV is that he was erroneously denied a mistrial when one juror reported to the court intoxicated and the court excused the jury until the afternoon without conferring with defense counsel, and then interrogated the juror in chambers out of the presence of counsel for the State or counsel for the defense. While misconduct on the part of a juror during a trial is censurable, it is not sufficient grounds for a new trial unless it appears, or is at least presumable, that the accused was thereby prejudiced. Territory v. Clark, 15 N.M. 35, 99 P. 697 (1909). See also State v. Chavez, 83 N.M. 349, 491 P.2d 1160 (Ct.App.1971).

The fifth point raised on appeal by appellant is that the trial court erred in refusing to instruct the jury on involuntary manslaughter. This court has consistently held that an appellant, in a murder prosecution, had the right to an instruction on lesser included offenses to be submitted to the jury, but only if there is some evidence tending to establish the lesser included offenses. State v. Anaya, 80 N.M. 695, 460 P.2d 60 (1969). There was insufficient evidence in the instant case to warrant an instruction on involuntary manslaughter. However, the jury in this case was instructed on the lesser included offense of voluntary manslaughter.

Appellant's point VI is that it was error for the trial court not to declare a mistrial after certain alleged inflammatory remarks were made by the district attorney during closing arguments. State v. Polsky, 82 N.M. 393, 403, 482 P.2d 257, 267 (Ct. App.1971), answers this contention fully in the following language:

"* * *. We appreciate a prosecutor is given reasonable lattitude in his closing arguments, and the trial court has wide discretion in controlling the scope of such arguments. State v. Pace,

supra [80 N.M. 364, 456 P.2d 197 (1967)]. See also United States v. Lewis, 423 F.2d 457 (8th Cir. 1970); State v. Gonzales, 105 Ariz. 434, 466 P.2d 388 (1970); State v. Hanson, 286 Minn. 317, 176 N.W.2d 607 (1970); Conyers v. Wainwright, 309 F.Supp. 1101 (S.D.Fla. 1970). However, a prosecutor must exercise good faith and reasonable caution to avoid unfairness. This does not mean, however, that the entire burden is on the prosecutor to make certain his remarks may not possibly be given an improper construction. If a defendant is of the opinion remarks by the prosecutor exceed the bounds of propriety, the burden is on him to make objection and call the objectionable matter to the attention of the trial court. State v. Hudson, supra [78 N.M. 228, 430 P.2d 386 (1967)]. Defendant failed to do so here, and, thus, failed to preserve the error, if error was committed. * * *"

We cannot say that there was an abuse of discretion here. Further, as there was no objection made by appellant at the time the remarks were made, he cannot now be heard to complain.

Other points are raised by appellant in a preface to his brief, at his specific request, which are listed as follows:

1. That the conviction is invalid because of systematic exclusion of negroes from the jury.

2. That bias was displayed by the trial court in permitting the charge of premeditated murder to go before the jury where there was failure of proof.

3. That failure to grant a preliminary hearing was a violation of his constitutional rights.

4. That appellant was not arraigned and was not furnished counsel at such arraignment.

5. That appellant was compelled to give incriminating statements in violation of his constitutional rights.

6. That he was not properly advised of his constitutional rights.

7. That perjury was committed during trial.

8. That only witnesses testifying at the preliminary hearing can be used at the trial.

9. That the indictment should be quashed because a hearing on the merits would reveal evidence presented to the grand jury was insufficient upon which to base an indictment.

10. Appellant also complains of defects in the indictment and cites cases in support of propositions not stated.

All of the foregoing matters were neither supported by points in the brief nor were they argued by counsel on appeal. This court held in Irwin v. Lamar, 74 N.M. 811, 813, 399 P.2d 400, 401 (1964):

"* * *. We have consistently indicated that Supreme Court Rule 15(14) (§ 21-2-1(15)(14), N.M.S.A. 1953), requiring a statement of the points relied upon for reversal, does not contemplate such a general attack as appellant makes here, but demands the errors claimed to be specifically stated and argued. See Petty v. Williams, 71 N.M. 338, 378 P.2d 376; Town of Mesilla v. Mesilla Design Center & Book Store, Inc., 71 N.M. 124, 376 P.2d 183."

We do not believe that the rule is different for criminal cases. We have also held in Chavez v. Trujillo, 47 N.M. 19, 132 P.2d 713 (1942), that an assignment of error not supported by point and argument will not be considered by the Supreme Court. Despite this failure, we have reviewed the entire record and find the objections made at the specific request of appellant to be without merit.

Finding no error, the judgment is affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.