569 P.2d 411
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Allen Jackson AUBREY,**
**Defendant-Appellant.**

No. 11287.

Supreme Court of New Mexico.

Sept. 29, 1977.

Robert R. Rothstein, Santa Fe, for defendant-appellant.

Tony Anaya, Atty. Gen., Donald D. Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

The defendant was convicted of first-degree murder contrary to § 40A–2–1, N.M.S.A. 1953 (Repl.1972) and sentenced to life in prison.

In the early morning hours of May 15, 1976, Edna Sharp was killed in her home in Artesia, New Mexico. The defendant was seen at the victim's home that morning, and witnesses provided testimony from which the jury could conclude that defendant beat the victim outside of her house, dragged her into the house, and then cut her throat.

The State's medical examiner testified that there had been multiple blows to the chest of the victim which, in his opinion, were inflicted prior to her throat having been cut. The doctor further testified that death was caused by severance of the trachea and great vessels to the neck.

On appeal defendant claims that there was insufficient evidence to show a deliberate intention to take the life of the victim, and therefore a first-degree murder instruction should not have been given. Whether the defendant had a deliberate intent to take the life of the victim is a question for the jury to resolve under proper instruction. *State v. Lucero*, 88 N.M. 441, 541 P.2d 430 (1975).

The jury was instructed in accordance with N.M.U.J.I. Crim. 2.00 [2nd Repl. Vol. 6, N.M.S.A. 1953 (Supp. 1975) at 295], which states in part as follows:

A deliberate intention refers to the state of mind of the defendant. *A deliberate intention may be inferred from all of the facts and circumstances of the killing.* The word deliberate means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action. A calculated judgment and decision may be arrived at in a short period of time. A mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill. To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such a choice.

 The jury made the determination that the defendant's actions showed the requisite deliberate intent to take the life of the victim. This Court must review the evidence in the light most favorable to the jury's verdict, resolving all conflicts and indulging all permissible inferences in favor of the verdict. *State v. Hartley*, 90 N.M. 488, 565 P.2d 658 (1977); *State v. Lucero, supra.* The evidence supports the verdict.

 The defendant further claims that the trial court erred in failing to give the jury an instruction on voluntary manslaughter. Before error can be predicated upon a failure to give an instruction on a lesser-included offense, there must be some evidence tending to establish the lesser offense. *State v. Riggsbee*, 85 N.M. 668, 515 P.2d 964 (1973). An instruction on voluntary manslaughter requires evidence that the killing resulted from a sudden quarrel or in the heat of passion. *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976). No evidence was adduced at trial that would warrant the giving of a voluntary manslaughter instruction.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.