624 P.2d 501

**Melvin CANDELARIA, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 13349.**

Supreme Court of New Mexico.

Jan. 12, 1981.

John F. Quinn, Santa Fe, for petitioner.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for respondent.

## MEMORANDUM

FEDERICI, Justice.

Defendant was convicted of trafficking in heroin and possession of valium. On appeal to the Court of Appeals, defendant raised several issues for reversal. We affirm the Court of Appeals on all of the issues in the cause except the denial of defendant's motion for rehearing.

In his motion for rehearing, defendant states that the case of *State v. Martinez*, 94 N.M. 436, 612 P.2d 228 (1980), should not have been considered by the Court of Appeals since it was decided on June 19, 1980, and the hearing on the motion to suppress evidence in this particular case was heard July 31, 1979. Trial was held on December 17 and 18, 1979.

Defendant's argument in support of motion for rehearing is that *Martinez, supra*, should not be applied retroactively beyond the date of its filing (June 2, 1980), and therefore should not affect the case at bar; rather, the case law at the time the case was tried should apply. The applicable law at the time this case was tried in the lower court is set forth in *State v. Deltenre*, 77 N.M. 497, 424 P.2d 782 (1966), *cert. denied*, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967) and *Rodriguez v. State*, 91 N.M. 700, 580 P.2d 126 (1978). In *Deltenre* and *Rodriguez*, this Court stated that the facts to be examined on appeal are only those facts elicited before the trial court in the hearing on the motion to suppress.

On appeal, the Court of Appeals relied upon the change in the above rule as set forth in *Martinez, supra*. In that case, this Court stated that the limited scope of review referred to in *Deltenre* and *Rodriguez* should be broadened so that the appellate court may determine if probable cause did or did not exist by an examination of all the evidence introduced at trial concerning the arrest or search and seizure. The Court of Appeals erred in applying the rule in *Martinez* (1980) retroactively to this case by which the defendant was tried and convicted in *1979*.

The Court of Appeals is affirmed on all issues except the issue of retroactive effect of *State v. Martinez, supra*, which issue was presented in the motion for rehearing filed in the Court of Appeals. The cause is remanded to the Court of Appeals for further consideration in the light of this Memorandum.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.