453 P.2d 590

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas Daniel MILLER, Defendant-Appellant.**

**No. 235.**

Court of Appeals of New Mexico.

Feb. 28, 1969.

Rehearing Denied March 24, 1969.

Certiorari Denied April 22, 1969.

James C. Compton, Portales, for appellant.

Boston E. Witt, Atty. Gen., Spencer T. King, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Convicted of possession of marijuana in violation of § 54–7–13, N.M.S.A.1953 (Repl. Vol. 8, pt. 2), defendant appeals. He contends that the police obtained the marijuana by an unreasonable search and seizure in violation of constitutional prohibitions. See Constitution of the United States, Amend. IV; Constitution of New Mexico, Art. II, § 10.···· . .

Information obtained by police officers caused them to suspect that various persons, including defendant, were violating our narcotic laws. Accordingly, over a period of approximately five weeks, the police attempted to obtain precise information concerning the suspects and their activities. A State Police narcotics agent sought the acquaintance of people with whom they associated. An informer was used. Defendant's residence was watched.

The narcotics agent obtained information causing him to believe that his identity had been disclosed to the persons being investigated. Considering this an emergency situation, a search warrant was applied for and issued on November 2nd. At approximately 6:20 A.M. on November 3rd, police officers went to defendant's residence.

Upon arrival at the residence, one of the officers knocked on the door, and " * * * hollered out we were police officers. * * " A male voice said " * * * 'Come on in, the door is not locked' * * *." The officers entered. Upon entering they saw defendant in an adjoining room, in bed, with a female companion.

The officer in charge identified himself to the defendant, introduced the other officers, showed defendant the search warrant and told defendant he was not under arrest.

At this point the District Attorney arrived. He directed that defendant and his companion be arrested for unlawful cohabitation. See § 40A–10–2, N.M.S.A.1953 (Repl.Vol. 6).

Defendant's trousers were then searched; he put them on under the blanket. A sweater was searched and defendant put that on. Defendant then put on socks and shoes and went into the living room, accompanied by the male police officers. A policewoman remained with the female companion. The companion then dressed and joined defendant in the living room.

At this point an officer observed green material on a Ronson lighter box in a partly opened dresser drawer. The dresser was at the foot of the bed. The officer picked up the box, went into the living room and arrested defendant for possession of marijuana.

After this second arrest, the entire residence was searched. No other material was found that is claimed to be marijuana.

The search warrant was subsequently quashed. Both of the arrests were without a warrant. The green material was identified as marijuana.

Defendant claims that admission of the marijuana into evidence was erroneous. He contends that:

1. The officer did not have probable cause to arrest him on the marijuana charge at the time they entered the residence. The officer-in-charge of the raid testified that he did not go to the residence to arrest defendant on the basis that he had probable cause to do so. Rather, the officer went to defendant's residence to serve the search warrant, which subsequently was held invalid. Probable cause for arrest is determined on the basis of what the officers had reason to believe at the time of their entry. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963) note 12; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). Defendant argues that probable cause did not exist

at the time of entry, therefore the subsequent arrest and search incident thereto was invalid. See United States v. Rachel, 360 F.2d 858 (7th Cir. 1966).

2. Even if the officers had probable cause to arrest the defendant, an arrest and search incident thereto was invalid. Defendant relies on the time factor. Since the officers had time to obtain the invalid search warrant, defendant asserts they should have obtained an arrest warrant. Defendant points out that if probable cause existed, it necessarily was based on an investigation that extended over several weeks. He asserts that the circumstances here cannot excuse an arrest without a warrant. See United States v. James, 378 F.2d 88 (6th Cir. 1967); compare Ker v. California, supra; State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966), cert. denied 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967).

3. Even if the officers had probable cause to arrest defendant upon entry, they did not do so. Rather, upon entry, the officers told defendant he was not under arrest. Subsequently, the marijuana was discovered. Defendant claims that discovery of the marijuana could not be an incident to his arrest on the marijuana charge because this arrest occurred after the marijuana was discovered. See Vanella v. United States, 371 F.2d 50 (9th Cir. 1966), cert. denied 386 U.S. 920, 87 S.Ct. 883, 17 L.Ed.2d 790 (1967); Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir. 1968).

4. Discovery of the marijuana could not have been an incident to the arrest on the unlawful cohabitation charge. Defendant contends that the search incident to this arrest was either a general or exploratory search, or that this arrest was a mere pretext on which to base a search, or that the search had no relation to the nature and purpose of the arrest on the unlawful cohabitation charge. See Vanella v. United States, supra; Amador-Gonzalez v. United States, supra, and cases therein cited.

We do not answer these contentions. They are based on the assumption that the marijuana was discovered as a result of a search. The record shows that the marijuana was in plain view.

A dresser was at the foot of the bed. A drawer was partly opened. The officer saw a box in the drawer and green material on the box. The record shows:

"Q. So that you did have to additionally open the drawer alittle [sic] further to make your discovery, is that correct?

"A. No, I just opened the—it more so that I could get the box out because I could see the green material on the ridge of it."

As stated in Ker v. California, supra:

"* * * discovery of the * * * marijuana did not constitute a search, since the officer merely saw what was placed before him in full view. * * *"

See State v. Everidge, 77 N.M. 505, 424 P.2d 787 (1967); State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966); Stevens v. State, 443 P.2d 600 (Alaska 1968); State v. Pine, 8 Ariz.App. 430, 446 P.2d 940 (1968).

■ The "open view" rule is not applicable unless the officer has reached the place of the view by lawful means. Amador-Gonzalez v. United States, supra, states:

"* * * This rule permits an officer to investigate and seize property visible to him without a search, if he is lawfully in a position enabling him to see the object seized. * * *"

See State v. Pine, supra.

Here, the officers did not enter by stealth. See Ker v. California, supra. Although upon arriving at the residence they may have intended to enter under authority of the invalid search warrant; they did not do so. Compare State v. Deltenre, supra; State v. Pine, supra. Although they did not announce their purpose before entering, the occasion for doing so did not arise. See opinion of Brennan, J. in Ker v. California, supra. Here there was no entry under color of office or color of law. See Johnson v. United States, supra. The officers knocked on the door and "hollered

out" that they were police officers. The response was "Come on in, the door is not locked." Compare Stevens v. State, supra. The entry was by invitation. The officer who saw the marijuana was lawfully in the position that enabled him to see it.

After viewing the material, and believing it to be marijuana, the officer did not act unreasonably when he seized it since its possession, in this case, was prohibited under § 54–7–13, supra. See Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). This view and belief also provided probable cause for defendant's arrest on the marijuana charge. See State v. Deltenre, supra; Nunez v. United States, 370 F.2d 538 (5th Cir. 1967); Mendoza v. United States, 365 F.2d 268 (5th Cir. 1966).

Defendant asserts however that the officer could not have had any reasonable belief that the green material was marijuana. He states that the total of the green material removed from both the outside and inside of the box covered an area of about half a dime. He points out that upon viewing the green material the officer could not positively identify the material as marijuana. The positive identification came only after microscopic examination.

Neither the small amount of the material involved nor the lack of positive identification upon the initial view provide a basis for holding, as a matter of law, that the officer did not have a reasonable belief that the substance was marijuana. The officer had served in the narcotics division of the State Police for six years. He estimated that, during this service, he had observed over 1,000 samples of marijuana per year. He believed the material was marijuana because of its appearance and odor. With this background, we cannot say that this basis for his belief was unreasonable.

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.