457 P.2d 991

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Cheryl ALBERTS, now Cheryl Miller, Defendant-Appellant.**

**No. 283.**

Court of Appeals of New Mexico.

Aug. 1, 1969.

Dan B. Buzzard, Clovis, Paul A. Phillips, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Ray H. Shollenbarger, Oliver H. Miles, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

OMAN, Judge.

Defendant appeals from her conviction of possession of marijuana in violation of § 54–7–13, N.M.S.A.1953 (Repl. Vol. 8 pt. 2). She was tried jointly with the defendant named in State v. Miller, 80 N.M. 227, 453 P.2d 590 (Ct.App.1969), cert. denied, 80 N.M. 198, 453 P.2d 219 (1969). She was the female companion of Mr. Miller referred to in the opinion in that case. They have married since their trial and convictions.

Whenever defendants is used herein, reference is being made to both the defend-

ant in this case and to Mr. Miller. When defendant alone is used, reference is being made to defendant in the present case.

Defendant relies upon four points for reversal. We consider only one of these points, which requires a reversal and remand for a new trial. This point is that:

"The trial court erred in allowing prejudicial testimony into the record concerning hearsay statements that the defendant was engaged in illegal marijuana traffic."

The first witness called by the State was Officer Sedillo, a narcotics agent and criminal investigator for the New Mexico State Police. After testifying as to his training and experience in the field of law enforcement, and the role he usually assumes as an undercover narcotics agent, he further testified he had acted in an undercover capacity in the Portales, New Mexico area during October 1967. On October 5, 1967, he went to Portales. On October 6, he conversed with the local law enforcement officers, including the County Sheriff, the Assistant Chief of the Portales City Police, and a young man who worked with the local police in an undercover capacity. He testified these officers briefed him as to " * * * names, addresses, [and] locations of people alleged to have been dealing in illegal marijuana traffic."

The District Attorney then started to ask if the names of Thomas Daniel Miller and Cheryl Lynne Alberts had been called to his attention. As soon as the names were mentioned and before the question was completed, defendant objected on the grounds that the question called for hearsay and was prejudicial. She also moved for a mistrial.

The trial court announced the testimony was admissible as an exception to the hearsay rule, because it was not being offered to prove the truth of any charge pending in the case, but " * * * only to establish the reason for investigation and to show probable cause."

The witness was then permitted to testify that the defendants were named by the local law enforcement officers; that during the evening of October 6, he took " * * * some other subjects to the residence of the defendant"; that he could not identify either of the defendants as persons he saw there at that time; and that one of the "subjects" had recognized him as a narcotics agent. Another question was asked concerning this particular subject who had recognized him, but his answer to this question was never concluded.

Defendant moved that the testimony of Officer Sedillo be stricken and that her prior objections thereto be sustained. No ruling was made by the court upon this motion, but the court did thereupon direct the jury to retire from the courtroom.

The remainder of the testimony of Officer Sedillo and the testimony of two other witnesses was presented to the court in the absence of the jury. Apparently the purpose of this inquiry in the absence of the jury was to determine whether the officers had probable cause to believe defendants had committed a felony, and, if so, whether they were therefore justified in arresting defendants without a warrant and in searching the premises incident to the arrests.

The court expressed doubts about the sufficiency of the evidence to establish probable cause for a belief that Defendant Alberts had committed a felony, but ruled that:

" * * * as long as the Officers had probable cause to believe that the defendant Miller had committed a felony they had cause to arrest him without a warrant and to search the premises where he was arrested without a warrant. * * * "

The only testimony of Officer Sedillo, which was presented to the jury, was that portion thereof to which reference is above made as having been presented prior to the retirement of the jury from the courtroom. Thus, his testimony before the jury consisted of his identification of himself by name, place of residence and occupation; his statement as to the nature and extent of

his training and experience as a law enforcement officer; his statement as to the role he ordinarily assumes and his manner of operating as an undercover narcotics agent; the fact that he had gone to Portales on October 5 to perform undercover activities; his statement about conferring with and being briefed by local law enforcement officers on October 6 as to the names, addresses and locations of "people alleged to have been dealing in illegal marijuana traffic"; the naming by the local law enforcement officers of the defendants as two of these people; and the statement concerning the taking of "subjects" to the residence of defendants. This testimony remained before the jury.

Defendants were not arrested until November 3, 1967, and they were not arrested pursuant to any warrant, or pursuant to any probable cause the officers may have had for believing defendants, or either of them, had committed a felony. Defendants were first arrested for unlawful cohabitation, which, under the circumstances here present, is not even defined as a petty misdemeanor under our statute. See § 40A–10–2, N.M.S.A.1953 (Repl. Vol. 6). Defendants were subsequently arrested for possession of marijuana. However, this arrest was made pursuant to a visual observation—under the "open view" rule—and a tentative identification by one of the officers of some marijuana. State v. Miller, supra. Officer Sedillo was not present and did not participate in making the arrests on November 3.

The State in the case now before us relies entirely upon the "open view" or "plain view" rule as the justification for the taking of the marijuana by the officers, and the subsequent arrest of defendant. Therefore, it is apparent that the testimony of Officer Sedillo could not have been admissible for the reasons stated by the trial court. No arrest was made on the basis of probable cause to believe either defendant had committed a felony, except for the probable cause created in the mind of the arresting officer by his observation of the marijuana on November 3.

We do not mean to suggest that the testimony of Officer Sedillo presented before the jury was properly admissible for the purposes stated, even had defendants been arrested pursuant to a belief by the officers that defendants had committed a felony. This we do not decide, since the question is not before us.

█ Under the circumstances, we say the evidence was clearly hearsay and clearly prejudicial. Its sole effect, insofar as defendant is concerned, was to have her branded as a known, or at least as a suspected, violator of the laws relating to marijuana. This testimony amounted to evidence of defendant's bad character or reputation, or of her disposition to commit the crime with which she was charged. Evidence of this nature is clearly inadmissible as a part of the State's case in chief, and is prejudicial. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); I Wigmore, Evidence § 57 (3rd Ed.1940); 29 Am.Jur.2d, Evidence § 340 (1967). Compare State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966); State v. Mason, 79 N.M. 663, 448 P.2d 175 (Ct.App. 1968), cert. denied, 79 N.M. 688, 488 P.2d 489 (1968). The State's argument that this testimony was not within the scope of the hearsay rule, and was properly admissible for the purpose of showing it caused Officer Sedillo to investigate defendant, is not supported by the authorities cited. The cited authorities are McCord v. Ashbaugh, 67 N.M. 61, 352 P.2d 641 (1960), and McCormick on Evidence, §§ 225 and 228 (1954).

█ These authorities correctly state that the exclusionary effect of the hearsay rule is applicable only when the extrajudicial statements or writings are offered to prove the truth of the matter therein stated. Extrajudicial statements or writings may properly be received into evidence, not for the truth of the assertions therein contained, or the veracity of the out-of-court declarant, but for such legitimate purposes as that of establishing knowledge, be-

lief, good faith, reasonableness, motive, effect on the hearer or reader, and many others. However, the evidence must be consistent with a legitimate purpose and have some proper probative effect upon an issue in the case. The objectionable testimony here was not consistent with any legitimate purpose. The naming of defendants as persons engaged in "illegal marijuana traffic," for the purpose of showing why Officer Sedillo conducted an investigation, is not a legitimate reason for admitting this extremely prejudicial testimony. It could have had no probative effect upon any issue in the case, other than the improper effect of persuading the jury as to the guilt of defendant.

As stated in McCormick on Evidence, § 227 (1954):

> "In criminal cases, the arresting or investigating officer will often explain his going to the scene of the crime, or his interview with the defendant, or a search or seizure, by stating that he did so 'upon information received' and this of course will not be objectionable as hearsay, but if he becomes more specific by repeating definite complaints of a particular crime by the accused, this is so likely to be misused by the jury as evidence of the fact asserted that it will be excluded as hearsay."

See Smith v. United States, 70 U.S.App. D.C. 255, 105 F.2d 778 (1939); State v. Kimble, 214 La. 58, 36 So.2d 637 (1948).

The likelihood of misuse by the jury is especially true in this case in view of the official capacities of the out-of-court declarants and the witness, and in view of the very limited nature of the testimony of the witness presented to the jury.

The judgment of conviction should be reversed and the cause remanded with directions to grant defendant a new trial.

It is so ordered.

SPIESS, C. J., and HENDLEY, J.; concur.