This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 35,632**

**GLEN MAYFIELD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant appeals the denial of his motion to suppress. We issued a notice of proposed summary disposition proposing to affirm. Defendant has responded with a

timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}    Defendant continues to argue in his memorandum in opposition that the search warrant affidavit did not contain sufficient information to establish the confidential informant's basis of knowledge. [MIO 5-6] *See State v. Steinzig*, 1999-NMCA-107, ¶ 17, 127 N.M. 752, 987 P.2d 409 (stating that to support a finding of probable cause the affidavit must establish (1) the informant's "basis of knowledge," and (2) facts showing the informant's "veracity" (internal; quotation marks and citation omitted)); *see also* Rule 5-211(E) NMRA (stating that "probable cause" for issuance of a search warrant may be based on hearsay provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished).

{3}    We disagree. "Under the 'basis of knowledge' prong of the test, we ask whether the affidavit provides a substantial basis for concluding the informant[] gathered the information of illegal activity in a reliable fashion." *State v. Haidle*, 2012-NMSC-033, ¶ 23, 285 P.3d 668 (internal quotation marks and citation omitted). The basis of knowledge test was satisfied in this case by the confidential informant's statement that he personally observed Defendant in possession of cocaine at his

2

residence in the past seventy-two hours and that he had seen Defendant selling cocaine from his residence in the past. [RP 70-71] *See State v. Montoya*, 1992-NMCA-067, ¶ 14, 114 N.M. 221, 836 P.2d 667 (holding that the basis of knowledge requirement was satisfied where a confidential informant had personal knowledge, through observation, of the defendant's activities).

{4}     Defendant argues that affidavit was deficient because it did not specify the specific quantity of cocaine the confidential informant saw or why the informant believed that it was cocaine. [MIO 6] However, the affidavit recites that the confidential informant had participated in controlled buys of narcotics in the past. We therefore believe that the magistrate could reasonably infer that the informant was familiar with cocaine and able to recognize it. [RP 81] *See State v. Lujan*, 1998-NMCA-032, ¶ 10, 124 N.M. 494, 953 P.2d 29 (observing that a controlled buy bears upon the credibility of a confidential informant, insofar as it "reduces the uncertainty and risk of falsehood about the information provided by [an] informant"); *see also State v. Rubio*, 2002-NMCA-007, ¶ 8, 131 N.M. 479, 39 P.3d 144 (noting that the confidential informant could be inferred to know what constituted a large amount of cocaine based on evidence showing that he was familiar with cocaine). For these reasons, we affirm the denial of the motion to suppress.   Defendant also continues to argue that he was denied due process because the arrest warrant was not served for more than six months after it was issued. [MIO 7-8] In our notice of proposed

3

summary disposition, we indicated that Defendant had not stated in his docketing statement how this issue was preserved below. *See* Rule 12-208(D)(4) NMRA (stating that the docketing statement shall contain a statement of how the issues raised were preserved in the trial court); *see also State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that to preserve an issue for appeal, it is essential that a party make a timely objection that specifically apprises the trial court of the claimed error and invokes an intelligent ruling thereon).

{5}     Defendant has not responded in his memorandum in opposition that this issue was preserved below, and we therefore reject this assertion of error. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that on appeal, the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error). Additionally, to the extent that Defendant's issue can be considered a claim of pre-indictment delay, Defendant has not shown any prejudice due to delay between the issuance of the arrest warrant and his arrest. *See State v. Fierro*, 2014-NMCA-004, ¶ 27, 315 P.3d 319 (stating that a defendant must show prejudice to prevail on a claim of pre-indictment delay).

{6}     For these reasons, we affirm Defendant's conviction.

{7}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

4

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**