This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38126**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**MARIA CHRISTINE GARCIA
a/k/a MARIE GARCIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY
George P. Eichwald, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The State appeals the district court's grant of Defendant Maria Christine Garcia's motion to suppress evidence obtained, pursuant to a search warrant, on the grounds that the affidavit for the search warrant was not supported by probable cause. The State argues that the district court erred in granting Defendant's motion by not limiting its review and analysis to the contents of the affidavit, and because there was probable

cause within the four corners of the affidavit. We agree with the State and reverse the district court's grant of Defendant's motion to suppress for lack of probable cause, and remand for further proceedings.

**BACKGROUND**

**{2}** On July 20, 2017, the Cibola County Magistrate Court issued a warrant for the search of a camping trailer in Grants, New Mexico. The magistrate court issued a search warrant based on an affidavit prepared by a Grants Police Department officer (the Officer) from information provided by a confidential informant (the CI). The affidavit stated that while on patrol, the Officer identified and arrested the CI due to his outstanding arrest warrants. During the search incident to arrest, the Officer found a syringe and a baggie containing a brown tarry substance. When the Officer asked the CI about the baggie, he answered, "[I]t's heroin, I'm not going to lie to you." A field test of the substance confirmed the substance as heroin.

**{3}** The CI further told the Officer he had just bought the heroin from someone by the name of Rudy Gallegos who had a large amount of heroin at his trailer, that he had been at the trailer "every other day" to buy heroin, and that he had used heroin there on "multiple occasions." Another officer later informed the Officer that there was high traffic volume at the property described by the CI. Included in the affidavit is a statement that the CI is "a reliable source and has been involved in several narcotics investigations that led to narcotic seizures and arrests." The affidavit also states that several arrestees informed the Officer that Gallegos was a "dealer" who was "pushing mad weight."

**{4}** The search warrant described the trailer to be searched and its location. The trailer was located on the property of a brown stucco house with a front door facing south. The affidavit also specified the types of narcotics, paraphernalia, firearms, and ammunition to be seized. The officers served the warrant on the day it was issued, seized evidence, and arrested Defendant and a person named Rudy Gonzales.

**{5}** The State indicted Defendant for six drug related offenses, and Defendant moved to suppress evidence obtained from the search on the ground that the affidavit did not support the magistrate's finding of probable cause to issue a search warrant. After a hearing, the district court granted the motion to suppress. **[RP 91-93]** The written order states, "[The] CI is now deceased, . . . [the] CI never mentioned a woman in the residence," Tomas Rudy Gonzales was "[twenty-eight] years older than Rudy Gallegos," and the CI was at the residence "every day for the last [thirty] days." The order further states that "[s]uch set of facts is incompatible with the requirements of the Constitution of the United States and that of the State of New Mexico." The State appeals.

**DISCUSSION**

**I.    Standard of Review**

**{6}** "The Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution both require probable cause to believe that a crime is occurring or seizable evidence exists at a particular location before a search warrant may issue." *State v. Williamson*, 2009-NMSC-039, ¶ 14, 146 N.M. 488, 212 P.3d 376 (alterations, internal quotation marks, and citation omitted). "Probable cause to search a specific location exists when there are reasonable grounds to believe that a crime has been committed in that place, or that evidence of a crime will be found there." *State v. Evans*, 2009-NMSC-027, ¶ 10, 146 N.M. 319, 210 P.3d 216. For a search warrant to be valid "the affidavit must show: (1) that the items sought to be seized are evidence of a crime; and (2) that the criminal evidence sought is located at the place to be searched." *State v. Gurule*, 2013-NMSC-025, ¶ 13, 303 P.3d 838 (internal quotation marks and citation omitted).

**{7}** When conducting a review of a warrant, "an issuing court's determination of probable cause should not be reviewed de novo but, rather, must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." *Williamson*, 2009-NMSC-039, ¶ 1. "[T]he substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30. "[T]he reviewing court must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing," but this standard "does not preclude the reviewing court from conducting a meaningful analysis of whether the search warrant was supported by probable cause." *Id.* ¶¶ 29-30. When making this determination "we do not reweigh the evidence or draw our own inferences in determining whether probable cause exists. If the inferences drawn by the magistrate logically and rationally flow from the facts set forth in the affidavit, we defer to those inferences, even when reasonable inferences to the contrary may be drawn." *State v. Gonzales*, 2003-NMCA-008, ¶ 14, 133 N.M. 158, 61 P.3d 867.

## II. The District Court Erred in Considering Information Outside the Four Corners of the Affidavit

**{8}** The State argues that the district court erred in considering information that was not contained in the four corners of the affidavit. The State specifically points to the district court's consideration that the CI was "now deceased," as well as information about Tomas Rudy Gonzales being "[twenty-eight] years older than Rudy Gallegos."

**{9}** When conducting a review of a warrant, "an issuing court's determination of probable cause . . . must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." *Williamson*, 2009-NMSC-039, ¶ 1. When reviewing for substantial basis the reviewing court is "limited to the four corners of the search warrant affidavit," *Id.* ¶ 31, because of the "explicit command in our New Mexico Bill of Rights that 'no warrant to search any place' may issue 'without a written showing of probable cause.'" *State v. Haidle*, 2012-NMSC-033, ¶ 16, 285 P.3d 668 (quoting N.M. Const. art. II, § 10). However, this limitation does not mean that the reviewing court

cannot draw reasonable inferences from the contents of the affidavit. *See Williamson*, 2009-NMSC-039, ¶ 29. When making a probable cause determination "[a]ny information that was not provided to the issuing judge at the time the search warrant affidavit and warrant were presented to [them] cannot be considered by the reviewing court in assessing the validity of the warrant." *State v. Sabeerin*, 2014-NMCA-110, ¶ 13, 336 P.3d 990.

**{10}** Here, the district court considered facts outside the four corners of the affidavit. At the hearing on the motion to suppress, the district court judge stated, "I'm going to grant the [m]otion to [s]uppress. I would be hesitant to do it if we had the [CI] present. . . . We don't have [a CI], he's deceased." The order granting the motion to suppress included information that the CI was deceased, that "Tomas Rudy Gonzales was [twenty-eight] years older than Rudy Gallegos," that the CI "never mentioned a woman in the residence," and that the CI claimed he was at the residence "every day for the last [thirty] days." The first three factual statements were not contained within the four corners of the affidavit, and the fourth fact—that the CI had been at the residence "every day for the last [thirty] days"—was a misstatement of the facts included in the affidavit. Accordingly, the district court erred by considering information that was not provided to the issuing judge within the four corners of the affidavit. Having so determined, we now examine whether the affidavit provided a substantial basis for determining that there was probable cause to believe that a search would uncover evidence of wrongdoing. *See Williamson*, 2009-NMSC-039, ¶ 29.

### III. The District Court Erred in Its Determination That the Search Warrant Was Not Supported by Probable Cause

**{11}** "The degree of proof necessary to establish probable cause for the issuance of a search warrant is more than a suspicion or possibility but less than a certainty of proof." *Gonzales*, 2003-NMCA-008, ¶ 12 (internal quotation marks and citation omitted). In making the determination there "must be a sufficient nexus between (1) the criminal activity, and (2) the things to be seized, and (3) the place to be searched." *Gurule*, 2013-NMSC-025, ¶ 15 (internal quotation marks and citation omitted).

**{12}** Probable cause can be based on "an affidavit . . . based wholly or in part on hearsay provided by an unnamed [CI]." *State v. Cordova*, 1989-NMSC-083, ¶ 6, 109 N.M. 211, 784 P.2d 30. When an affidavit is "based on hearsay to support a search warrant, the affidavit must show two things: [(1)] the underlying circumstances showing how the [CI] obtained his information; and [(2)] the underlying circumstances showing why the affiant has a reason to believe the [CI]." *State v. Ramirez*, 1980-NMCA-108, ¶ 3, 95 N.M. 202, 619 P.2d 1246. These two requirements make up the *Aguilar-Spinelli* test, adopted by our Supreme Court in *Cordova*, 1989-NMSC-083, ¶ 17, and the two requirements are "often referred to as the veracity . . . and basis of knowledge . . . requirements for evaluating information from hearsay sources." *Haidle*, 2012-NMSC-033, ¶ 17 (internal quotation marks omitted). We agree with the parties that the basis of the knowledge prong is met, so we limit our analysis to the veracity prong.

**{13}** The question under the veracity prong is "whether the affidavit provides a substantial basis for believing the [CI]." *Haidle*, 2012-NMSC-033 ¶ 19 (internal quotation marks and citation omitted). When considering veracity, "the magistrate, from the verified facts presented to [them], must believe that the source is credible." *State v. Fernandez*, 1999-NMCA-128, ¶ 27, 128 N.M. 111, 990 P.2d 224. Some of the ways in which a CI's veracity may be established include "(1) the [CI] has given reliable information to police officers in the past; (2) the [CI] is a volunteer citizen informant; (3) the [CI] has made statements against [their] penal interest; (4) independent investigation by police corroborates [CI]'s reliability or information given; and (5) facts and circumstances disclosed impute reliability." *In re Shon Daniel K.*, 1998-NMCA-069, ¶ 12, 125 N.M. 219, 959 P.2d 553 (citations omitted), *abrogated on other grounds by Williamson*, 2009-NMSC-039, ¶ 29.

**{14}** The State argues the veracity prong is satisfied because the affidavit states the CI was a reliable source who had been involved in past narcotics investigations, and his statement that the baggie contained heroin was a statement against interest. Defendant responds that the CI was a heroin addict who had every incentive to lie to the police. We conclude the magistrate court could have reasonably concluded the veracity prong was satisfied based on the CI's past history of assisting law enforcement.

**{15}** Past reliable information can be an indicator of reliability. *See Cordova*, 1989-NMSC-083, ¶ 20 (finding sufficient probable cause where the CI had provided true and correct information in the past). In *State v. Knight*, this Court found that "the [a]ffidavit established the informant's reliability by stating that the informant had provided information in the past that led to a determination of probable cause for a search warrant and to arrests and prosecution." 2000-NMCA-016, ¶ 18, 128 N.M. 591, 995 P.2d 1033. And in *State v. Montoya*, this Court found that the veracity prong was satisfied because "[t]he affidavit indicate[d] that the CI] had provided reliable information many times in the past." 1992-NMCA-067, ¶ 14, 114 N.M. 221, 836 P.2d 667. Similarly, here, the affidavit states that the CI had been previously "involved in several narcotics investigations" that "led to narcotic seizures and arrests." The magistrate court could reasonably have determined from that statement that the CI satisfied the veracity prong.

**{16}** Because the CI's information satisfied both the veracity and the basis of knowledge prongs of the *Aguilar-Spinelli* test, the magistrate court's probable cause determination could properly be based on hearsay provided by the CI contained in the affidavit. *See Cordova*, 1989-NMSC-083, ¶ 6. Based on the CI's statements, as well as other information contained in the affidavit, we conclude the affidavit provided a substantial basis to support the magistrate court's determination of probable cause.

## CONCLUSION

**{17}** We reverse the district court's grant of Defendant's motion to suppress for lack of probable cause, and remand for further proceedings.

**{18}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**