This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42106**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DAVID ROBERT BUMGARDNER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David Reeb, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** Defendant appeals from his convictions, pursuant to a conditional plea, for possession of a controlled substance and trafficking a controlled substance. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

**{2}** Defendant continues to argue that the district court erred in denying his motion to suppress because the affidavit submitted in support of the search warrant was not sufficient to satisfy the requirements for the use of an unnamed confidential informant to show probable cause. [MIO 3]

## I.       Search Warrant Affidavit

**{3}**      On appeal, a reviewing court employs a substantial basis standard of review. *See State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376 (stating that reviewing courts must "determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing"). The substantial basis standard of review is "more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30. When an affidavit is based in part on hearsay statements made by informants, we apply a two-part test to ensure that the probable cause finding is based on reliable information. *See, e.g.*, *State v. Haidle*, 2012-NMSC-033, ¶ 17, 285 P.3d 668 (referring to the "veracity" or "credibility" prong, and the "basis of knowledge" or "factual basis" prong); Rule 5-211(E) NMRA (providing that when a showing of probable cause depends in whole or in part on hearsay information, the affidavit must show a "substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished").

## A.       Veracity or Credibility

**{4}**      The veracity or credibility prong of the confidential informant test requires that "facts be presented to the court to show either than the informant is inherently credible or that the information from the informant is reliable on this particular occasion." *State v. Vest*, 2011-NMCA-037, ¶ 12, 149 N.M. 548, 252 P.3d 772 (internal quotation marks and citation omitted). One way to meet this requirement is by showing that the informant has given reliable information to the police in the past. *In re Shon Daniel K.*, 1998-NMCA-069, ¶ 12, 125 N.M. 219, 959 P.2d 553, *abrogated on other grounds by Williamson*, 2009-NMSC-039. Although the mere fact that a confidential informant has provided reliable information in the past does not necessarily mean they will do so again, "we accept past performance as indicia of veracity because of the probability that the uncertain present result will be the same as in the past." *Vest*, 2011-NMCA-037, ¶ 16 (alteration, internal quotation marks, and citation omitted).

**{5}**      Defendant asserts that the affidavit's description of the Confidential Source's (CS) past police relations are "overly broad" and "so vague and broad as to be virtually meaningless." [MIO 7] Defendant also contends that the affidavit is "lacking in substance" with regard to its description of CS having conducted at least three controlled purchases of controlled substances. [MIO 8] We disagree.

**{6}**      As described in our proposed disposition, the affiant in this case set forth information regarding CS having given reliable information to police officers in the past, stating that CS, through extensive association with drug traffickers and users, had "established their credibility and reliability by providing information to [the affiant] that has been independently verified by other sources or information" and that "CS has never relayed inaccurate or dishonest information to law enforcement or [affiant.]" [CN

6; 1 RP 18] In addition, the affiant stated that CS made "not less than three controlled purchases of controlled substances" and describes, in detail, the manner in which CS was supervised, searched, and surveilled throughout the course the controlled buys. [Id.]

{7}     In *Vest*, 2011-NMCA-037, ¶¶ 17-18, we held that a statement about a confidential informant's previous cooperation in controlled purchases was not sufficient. We distinguished the situation in that case from those cases in which "the informants provided information in the past that the affiant was able to determine was credible or reliable," and concluded that there, "the affidavit does not state that the informant provided any previous information, but only that the informant participated in controlled purchases." *Id.* Here, the affidavit provides what was missing in *Vest*—that the informant provided reliable information in the past. The affidavit therefore provides information that "directly bear[s] upon the informant's previous reliability in obtaining and relating information about criminal activity." *Id.* ¶ 17. Accordingly, the issuing judge could reasonably have determined that the statements in the affidavit are sufficient to establish CS's veracity. *See State v. Cordova*, 1989-NMSC-083, ¶ 20, 109 N.M. 211, 784 P.2d 30 (concluding that an affidavit was sufficient where it stated that the informant had provided information in the past that the affiant found to be true from personal knowledge and investigation); *State v. Knight*, 2000-NMCA-016, ¶ 18, 128 N.M. 591, 995 P.2d 1033 (acknowledging that the affidavit established the informant's reliability "by stating that the informant had provided true and correct information in the past that led to a determination of probable cause for a search warrant and to arrests and prosecution"); *State v. Montoya*, 1992-NMCA-067, ¶ 14, 114 N.M. 221, 836 P.2d 667 (holding that an affiant's statement that the confidential informant had provided reliable information many times in the past was sufficient to establish the credibility of the informant); *State v. Ramirez*, 1980-NMCA-108, ¶ 4, 95 N.M. 202, 619 P.2d 1246 (concluding that credibility was established "by the statement in the affidavit that the affiant knows the information to be reliable because he has provided him with reliable information concerning narcotics violations in the past"); *cf. State v. Cervantes*, 1979-NMCA-029, ¶¶ 12-13, 92 N.M. 643, 593 P.2d 478 (concluding that the credibility of an informant was established by a statement in an affidavit, providing that the informant had provided information in the past week that had resulted in the recovery of stolen property).

{8}     Defendant argues that this Court must evaluate and weigh all factors identified in *In re Shon Daniel K.*, in assessing the veracity of CS's information contained in the affidavit. [MIO 6, 9] 1998-NMCA-069, ¶ 12 (stating the "[r]eliability of an informant may be established, among other ways, by showing that[] (1) the informant has given reliable information to police officers in the past; (2) the informant is a volunteer citizen-informant; (3) the informant has made statements against [their] penal interest; (4) independent investigation by police corroborates the informant's reliability or information given; and (5) facts and circumstances disclosed impute reliability" (citations omitted)). Contrary to Defendant's assertion, however, not every one of the factors identified in *In re Shon Daniel K.* must be established in order for an affidavit to demonstrate the veracity of the informant. [MIO 6] *See Vest*, 2011-NMCA-037, ¶ 19 (suggesting that

independent corroboration alone can fulfill the need to demonstrate the credibility of an informant's information). Indeed, Defendant cites no authority to support such an interpretation or application of the *In re Shon Daniel K.* factors. [MIO 6, 9] *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority). Even assuming such an approach was warranted would not alter the result here, as only one of the factors—that informant has given reliable information to police officers in the past—is applicable under the facts of this case. *See State v. Steinzig*, 1999-NMCA-107, ¶¶ 8-24, 127 N.M. 752, 987 P.2d 409 (concluding that the affidavit provided a factual basis for the court to believe the veracity of the informants, though the informants had not given reliable information to the police in the past and were not volunteer citizen-informants), *abrogated on other grounds by Williamson*, 2009-NMSC-039, ¶ 29. We see no reason to weigh factors that are not at issue "against an independent finding of probable cause[,]" as Defendant suggests. [MIO 9]

**{9}** We also note that Defendant's citation to *Vest* to assert that the information in the affidavit was stale is similarly unpersuasive. [MIO 8-9] In *Vest*, 2011-NMCA-037, ¶¶ 20, 21, the affiant's observations did not corroborate the informant's observations where the former occurred in January 2008, while the latter took place in November 2007. As discussed above, corroboration is unnecessary for establishing CS's veracity, and CS's observations in this case took place as early as the month before and as recently as within the week prior to the creation of the affidavit. [1 RP 18]

**{10}** Accordingly, we conclude that the information contained in the affidavit in this case was sufficient for the issuing judge to independently determine the inherent credibility of CS or the reliability of CS's information. *See id.* ¶ 13.

## B. "Factual Basis" or "Basis of Knowledge"

**{11}** Defendant also asserts that the affidavit failed to establish that CS had a sufficient factual basis for the tip. [MIO 11] Specifically, Defendant asserts that "more than a bare statement of first-hand knowledge by the informant" is needed, pointing to *Cordova*, 1989-NMSC-083, ¶ 9, as support. [MIO 11] In *Cordova*, the informant claimed that a person driving a red Chrysler Cordoba with Texas license plates was selling heroin at a specific house. The *Cordova* court concluded that the facts in the affidavit— a description of a man, a house, and a car parked outside the house—were insufficient to state the informant's basis of knowledge because they were "devoid of any indication of how the informant gathered this information" and "relate to innocent facts that do not, either separately or taken as a whole, suggest illegal activity." *Id.* ¶¶ 21, 23.

**{12}** Unlike in *Cordova*, CS had "extensive association with drug traffickers and users" and had conducted at least three controlled purchases of controlled substances in the past. [1 RP 18] CS reported having "been to [Defendant's] house and Winnebago on the property and s[een] a large amount of M30 Fentanyl pills." [Id.] In addition, CS stated

that within seventy-two hours of May 21, 2022, they "observed [Defendant] selling M30 pills . . . from the Winnebago on the property." CS also stated that they observed approximately fifteen firearms inside the Winnebago and that the narcotics were being kept in a safe inside the Winnebago. [Id.] As discussed in our proposed disposition, first-hand observations satisfy the basis of knowledge requirement. [CN 4] *See State v. Barker*, 1992-NMCA-117, ¶ 5, 114 N.M. 589, 844 P.2d 839 ("First-hand observations by the informant serve to meet the 'basis of knowledge' . . . test."); *Ramirez*, 1980-NMCA-108, ¶¶ 3-4 (holding that a statement in an affidavit that the informant saw the defendant possessing heroin was sufficient to satisfy the basis of knowledge test, as it clearly established that the informant obtained the information through personal observation).

**{13}**    Defendant nevertheless argues that CS's observations in this case are insufficient because they are "not sufficiently detailed as to be self-verifying" and lacked independent corroboration. [MIO 14] We are not persuaded. Only when an affiant fails to affirmatively state the informant's basis of knowledge is greater detail required for self-verification. *See Cordova*, 1989-NMSC-083, ¶ 9 ("[*W*]*hen an affidavit does not affirmatively state an informant's basis of knowledge*, it may be inferred that an informant who otherwise is known to be credible obtained the information set forth in the affidavit in a reliable fashion *if* the tip contains enough detail to be self-verifying." (emphasis added)). As discussed above, the affidavit in this case clearly states that CS's knowledge was based on first-hand observation of criminal activity. Similarly, the absence of independent factual corroboration is not necessary because the affidavit adequately stated the basis of CS's knowledge. *See Id.* ¶ 18 (considering whether facts "corroborated by the police cured any deficiencies" where the affidavit failed to adequately state the basis of the informant's knowledge).

**{14}**    In arguing that "simple first-hand knowledge" is insufficient to establish probable cause, Defendant also points to *State v. Lujan*, 1998-NMCA-032, ¶¶ 2, 9, 124 N.M. 494, 953 P.2d 29, in which the informant conducted a controlled purchase of heroin. In *Lujan*, this Court observed that "without the controlled buy, . . . the affidavit would not have provided sufficient probable cause." *Id.* ¶ 9. Defendant focuses on that language in the memorandum in opposition [MIO 13], but fails to acknowledge that the Court went on to explain that the "controlled buy established the informant's 'basis of knowledge' through the informant's first-hand knowledge of the presence of heroin." *Id.* ¶ 9. The affidavit in this case includes the type of first-hand knowledge of the presence of fentanyl that was held to be sufficient to satisfy the basis of knowledge prong in *Lujan. See id.* ¶ 12.

**{15}**    Defendant has therefore failed to persuade this Court that the affidavit in this case failed to establish the basis of knowledge prong. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{16}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{17} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**